## Richard Curran v. Belding Manufacturing Company.

1. SHORT CAUSE CALENDAR—*Trying a Cause Out of Its Order.*— A court may, for sufficient reasons, try a case out of its order on the short cause calendar. What is sufficient cause, is left to the discretion of the trial court.

Assumpsit, on transcript from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

This cause was tried by a justice of the peace, from whose judgment the defendant prosecuted an appeal to the Circuit Court, where it was tried, resulting in a judgment for the plaintiff, from which the defendant appeals to this court.

At the instance of the plaintiff the cause was placed on the short cause calendar, and at the time of the rulings complained of, was the thirtieth case on it. Monday is the short cause calendar day, but on Monday, October 8, 1894, the court had no call of its calendar. On the 9th, defendant's attorney appeared in response to a notice that this

case had been set for trial on that day, and on the court calling the case he objected to a trial out of its regular order on the calendar. The court inquired if counsel would consent to take the testimony of D. H. Naylor, one of the witnesses for plaintiff, and try the case next day, to which he replied he had no instructions, and might not be able to procure his client's attendance, and so could not consent. The court then inquired if counsel would submit the cause to the court and waive a jury, to which he made the same reply, but at the same time offered to attend before any notary public, at once, to take the testimony of the witness, which plaintiff's attorney declined. The court then ordered the clerk to advance the cause from No. 30 on the calendar to No. 1, the first case for the following Monday, October 15th.

On the 15th there were the first eight cases of the calendar announced under rule 21, for trial, the cause being placed first under the order aforesaid. On the call of the case the defendant's attorney interposed a motion to strike the cause from the calendar and announced that defendant was not ready for trial, but the court compelled him, over his objections and exceptions, to go to trial, which resulted in a verdict against him. A motion for a new trial was interposed and overruled and exceptions taken.

SULLIVAN & McARDLE, attorneys for appellant.

JAMES A. PETERSON, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We see no reason why the court may not for good and sufficient cause try a case out of its order upon the short cause calendar. What is good and sufficient cause is left to the discretion of the trial court. To, on the 9th of October, when appellant was present, order that this cause stand first for trial on October 15th, because such trial would be to the convenience of appellee and one of its witnesses, we do not think an abuse of discretion.

Appellant does not appear to have been put to inconvenience or to have suffered thereby, unless a speedy hearing can be called a grievance. Parties who, by the advancement of this cause, were delayed, it is easy to see might have cause for complaint. But why should a litigant who is ready for trial, object that his hearing took place on the 15th instead of the 30th?

The judgment of the Circuit Court is affirmed.