## G. Willard v. H. B. Saunders, for Use of, etc.

1. PRACTICE—*Passing Cases on the Short Cause Calendar.*—Absence of an attorney engaged in the trial of a suit elsewhere is sufficient cause for passing a case temporarily, and setting it for trial at the foot of the call for the next day.

Appeal, from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed June 29, 1899.

SIDNEY B. SMITH, attorney for appellant.

FREDERICK PEAKE, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant for the sum of $93, rendered in the Superior Court on appeal from a judgment rendered by a justice of the peace. On notice given in accordance with the statute, the cause was placed on the short cause calendar, and was reached for trial on that calendar Monday, June 20, 1898, when, it appearing to the court that appellant's attorney was then engaged in the trial of another cause elsewhere, the court ordered the cause placed at the foot of the regular trial call for the next day, which was done. It was not reached on that call until Wednesday, when it was called, and the attorney for appellant moved that the cause be stricken from the call, which motion was overruled, whereupon he moved that the cause be continued, which motion was also overruled, and a jury was called and impaneled, who, on evidence produced by the appellee, rendered a verdict on which the judgment appealed from was rendered.

Appellant's counsel objects that the court erred in overruling his motion to strike the cause from the call, and also his motion to continue the cause, and that the verdict is not warranted by the evidence.

In support of the motion to strike the cause from the call, appellant's attorney read certain rules of the trial court, one of which provides that cases on the short cause calendar shall be called in their order. The case was called in its order, but the court, on it appearing that appellant's attorney was engaged in the trial of another cause, passed the case temporarily, setting it for trial at the foot of the call for the next day. The cause for so passing it was sufficient.

In Curran v. Belding Co., 59 Ill. App. 76, a cause on the short cause calendar for October 9th was ordered to stand for trial October 15th then next, on account of the convenience of the appellee and one of its witnesses. The court held that for good and sufficient cause this might be done; that the matter rested in the discretion of the court, and that there was no abuse of discretion.

Appellant's counsel admits that it does not appear whether or not the cause had been on the regular trial calendar before being placed on the short cause calendar, and assumes that the court, by placing it at the foot of the call for the next day, placed it on the regular trial calendar, and tried it out of its order on that calendar. The postponing the trial, and placing the cause on the call for next day, was not placing it on the trial calendar, but merely designating proximately the time when it would be tried. The cause was tried as a short cause calendar case at a time to which it had been postponed for appellant's convenience. Appellant certainly can not complain because the court, when the case was regularly called on the short cause calendar, did not proceed to try it in the absence of his attorney. The motion to strike the cause from the call was properly overruled, as was also the motion for a continuance, which latter motion was unsupported by affidavit. We think the evidence sufficient to support the verdict. Appellant, who was present, by his attorney, offered no evidence.

The judgment is affirmed.